**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DEREK PATTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00864-TWP-DML |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

### ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Petitioner Derek Patton's ("Mr. Patton") Petition for a writ of habeas corpus, challenging his conviction in prison disciplinary case CIC 19-10-0039 (Dkt. 1). For the reasons explained in this Entry, Mr. Patton's Petition is **denied.**

### I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. DISCIPLINARY PROCEEDING

The disciplinary proceeding began on September 30, 2019, with a Report of Conduct written by Indiana Department of Correction ("IDOC") Investigator Steven Hall that charged Mr. Patton with a violation of code B-220, unauthorized financial transaction:

> On 9/30/2019 I was listening to a phone call made by Offender Derek Patton 1B-2A on 9/25/2019. He was talking to an individual he referred to as Mom. He asked her if she had gotten the donation for 200 dollars and asked if she had talked to those people. They continued their conversation and near the end they start to talk again about donations. He told the other person on the phone that they would be receiving more donations. He asked "Mom" to get ahold of the girl from the last time and see if she had his 50 cause he needed it. Due to his incarceration Offender Patton is not in a position to receive donations nor is he in a position to have them sent to another person on his behalf and then have that money sent to him. I am confident Offender Patton is having a conversation about money for the purchase of controlled substances. I am also confident the donations he is referring to are payments from other individuals for controlled substances. Offenders will use coded language in [an] attempt to disguise the real meaning of their conversation. I am confident his conversation about the transactions is coded language for money used in the procurement of controlled substances. This places him in violation of DHB code 220 which is Unauthorized Financial Transactions.

(Dkt. 10-1.) A handwritten note was entered on the Report of Conduct indicating that the telephone call made by Mr. Patton occurred at 7:28 p.m. *Id.* The Report of Conduct also indicated "GTL phone call from 9/25/2019 Phone # 574 320 0996." *Id.*

Lt. Raymond Lowery sent an email to Investigator Hall on October 29, 2019 stating that he was working on three hearings for Mr. Patton on reports that were written by Investigator Hall that "all resulted from a phone call[] placed on a tablet belonging to Offender Gabrielson, Stephen #179663." (Dkt. 10-2.) Lt. Lowery wrote that the conduct report stated that Investigator Hall heard a telephone call involving Mr. Patton with dialed number 201-320-0996 in which he asked a female to assist him with a three-way call. *Id.* Lt. Lowery asked Investigator Hall how he had determined that Mr. Patton was the individual on the telephone. *Id.* Investigator Hall responded:

2

> A review of the camera on 9/25/2019 at approximately 7:23 pm shows Offender Carrico 137905 pass a tablet under Offender Patton[']s 223346 cell door at 7:25 pm. At 7:28 pm a phone call is placed on Offender Stephen Gabrielson's 179663 tablet to phone number 574-320-0996. This number comes back to a female named Stephanie who is known to be the girlfriend of Offender Gabrielson. Offfender [sic] Patton states "Hey Stephanie, Steveo says you can help me with a three way call"[.] The callee states "Sure, [w]hat is the number[?]" Patton gives her a phone number 302-236-0729. A search of GTL has this number listed on Offender Patton's phone list. With this evidence I determined Offender Patton was responsible for the three way call.

*Id*.

Mr. Patton was notified of the charge on October 7, 2019, when he received the initial Notice of Disciplinary Hearing (Screening Report). (Dkt. 10-3.) Mr. Patton pled not guilty, requested that Offender Gabrielson answer whether Mr. Patton made a call on his tablet or used his PIN number, requested any and all evidence that identified him as the caller, and requested the dayroom recreation schedules. *Id.*

Offender Gabrielson provided a written statement that Mr. Patton never at any time had his tablet or PIN number and that Mr. Patton had never made a call using his device or information. (Dkt. 10-8.) Offender Gabrielson stated he had his own relationship with Mr. Patton's mother and has checked on her occasionally, though never to transact money. *Id.*

Mr. Patton's original disciplinary hearing was held on November 7, 2019. (Dkt. 10-7.) Mr. Patton stated that he wanted a copy of the transcripts of the call, that it was not him on the tablet, and that he did not have possession of the tablet at any time. *Id.* Disciplinary Hearing Officer ("DHO") Lt. Lowery found Mr. Patton guilty of violating code B-220 based on the Report of Conduct and the email from Investigator Hall that confirmed his identification of Mr. Patton. *Id.*

On November 22, 2019, the Facility Head responded to Mr. Patton's appeal and granted him a re-hearing on the matter. (Dkt. 10-9 at 3.) The response did not provide a reason for the decision to grant the re-hearing. *Id.*

The same Report of Conduct was reissued on December 5, 2019. (Dkt. 10-10.) Mr. Patton was re-screened on the same day, pled not guilty, again requested Offender Gabrielson's witness statement regarding his tablet and PIN number, and requested a witness statement from Offender Burns asking if Burns saw Offender Gabrielson making the telephone call on the tablet. (Dkt. 10-13.) Mr. Patton also requested the telephone transcripts, video of the dayroom, confiscation forms showing he had the tablet, dayroom recreation schedules, and proof it was him on the telephone. *Id.*

Offender Burns provided a statement that he overheard Offender Gabrielson talking about calling Mr. Patton's mother to check on her since Mr. Patton did not have his tablet. (Dkt. 10-19.) He stated Offender Gabrielson made the call and then relayed the message to Mr. Patton. *Id.*

A summary of video evidence was prepared and stated:

> I, Sgt. R. Schildmeier reviewed the video footage in case CIC 19-10-0039. I Sgt. R. Schildmeier did see the dorm detail Offender carry a tablet across the range and place it under the door of Cell 1-2A at 7:25 PM. Offender Patton #223346 has been assigned to 1B-2A since September 17, 2019.

(Dkt. 10-18.) Though the DHO did not notate that he considered the video, the Court has reviewed the video, which was filed *ex parte*, as part of the record, and finds the summation provided accurately depicts the events that occurred.

The re-hearing was held on December 11, 2019. Mr. Patton stated that his name or number was never mentioned, nor was his mother's name mentioned, and Offender Gabrielson admitted to calling his mother. (Dkt. 10-16.) Telephone transcripts were made available and were considered by the DHO and are part of the record before the Court. (Dkt. 10-12.) The DHO found Mr. Patton guilty of violating code B-220 after considering the staff reports and telephone transcript, reasoning that if Offender Stephen Gabrielson had made the call he would not have said "Steve[] said you could help me out." (Dkt. 10-16.) The DHO also stated that the call included talk about

dollar amounts and donations. *Id.* Mr. Patton's sanctions included deprivation of 30-days' earned credit time. *Id.*

Mr. Patton again appealed to the Facility Head and IDOC Final Reviewing Authority, but neither appeal was successful. (Dkt. 10-20; Dkt. 10-21.) He then filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1; Dkt. 5.)

### III.  ANALYSIS

Mr. Patton raises the following grounds for relief in his Petition: (1) that he received separate conduct reports that originated from the same set of circumstances and that these are not factually distinguishable, in violation of IDOC policy; (2) that the conduct report and video evidence summary contain discrepancies about the date, time, and place of the incident; and (3) there is insufficient evidence to support his charge. (Dkt. 5.) The Court will address grounds (2) and (3) together as a challenge to the sufficiency of the evidence, particularly whether the discrepancies he identifies establish that there was insufficient evidence against him and whether these discrepancies denied him due process.

**A.   IDOC Policies and Multiple Conduct Reports**

Mr. Patton refers to his charges in disciplinary case number CIC 19-10-0039 (the subject of this action) and CIC 19-10-0042[1] and argues that these should not have run consecutive to each other in separate conduct reports because this is against IDOC policy. *Id.* at 3.

Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a

---

[1] The Court notes that Mr. Patton has a pending habeas petition before this Court to challenge his disciplinary conviction in CIC 19-10-0042 in *Patton v. Knight*, No. 1:20-cv-01265-JRS-TAB, filed on April 28, 2020.

5

prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Furthermore, Mr. Patton cannot obtain habeas relief by arguing that the two charges against him were duplicative or redundant. Simply put, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004). Although the double jeopardy clause prohibits multiple "punishments" for the same offense, "[p]rison discipline . . . does not constitute 'punishment' . . . for double jeopardy purposes." *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994)). Whether the multiple proceedings were duplicative or redundant is of no concern in this habeas action. The Court does note, however, that Mr. Patton's conduct reports reflect entirely different and separate charges, though they stem from the same set of factual circumstances. This action involves Mr. Patton's conviction for violating code B-220, unauthorized financial transaction, while his additional pending case for CIC 19-10-0042 involves his conviction for violating code B-207, unauthorized possession of an electronic device (the tablet referenced in this case).

Accordingly, Mr. Patton is not entitled to habeas relief on these grounds.

**B.**     **Clerical Errors and Sufficiency of the Evidence**

Mr. Patton argues that Investigator Hall's Report of Conduct had a handwritten time of the incident at 7:28 pm but was not initialed. (Dkt. 5 at 2; Dkt. 15 at 2.) He states the video summation records the date of the incident as October 12, 2019 and states the time was 9:53 pm and the location was 1/3 B-unit. *Id.* The Report of Conduct shows the incident dates as September 25 and 30, 2019, a different incident time of 11:30 am, and different locations of 1B-2A and the I&I office. *Id.* He also states that two different phone numbers were referenced of "201-320-0996" and "574-320-0996." *Id.* The Respondent explains these discrepancies are a result of clerical mistake, Investigator Hall documenting the time and place he actually prepared the Report of Conduct, and potential differences between video footage tracking of the incident and telephone call tracking. (Dkt. 10 at 13-14.) Further, the Respondent states the different telephone numbers represent the "to and from" of the number initiating the call and receiving the call. *Id.*

To the extent that Mr. Patton intended to allege these discrepancies violate IDOC policies, the Court has already discussed how those claims fail. Further, even though Mr. Patton states in his reply at Docket 15, that these discrepancies confused him, he has not shown how any of these discrepancies have prejudiced him or violated his due process protections under *Wolff*.

The Respondent states that Mr. Patton does not deny that any telephone call was made and does not dispute that the call described a financial transaction in the form of donations, and argues that "the real issue" is whether the evidence supports that it was Mr. Patton who engaged in this conduct. (Dkt. 10 at 12.) The Court agrees that this is the crux of Mr. Patton's arguments. Therefore, the Court addresses the sufficiency of the evidence as it pertains to Mr. Patton's involvement. The clerical discrepancies he cites do not undercut that "some evidence" exists to support his conviction.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). But courts may not reweigh evidence already presented at a prison disciplinary hearing. *Viens v. Daniels*, 871 F.2d 1328, 1328 (7th Cir. 1989).

In the re-hearing, the DHO considered the staff reports and the telephone transcript. (Dkt. 10-16.) Investigator Hall identified Mr. Patton as the caller in his report and explained how he was able to do so in his October 29, 2019 email documenting his review of the video evidence that showed another offender putting a tablet under Mr. Patton's cell door. (Dkt. 10-11.) This email stated the caller gave the callee a telephone number that matched a number on Mr. Patton's phone list. *Id.* The email also referenced Investigator Hall hearing the caller say "Steveo says you can

help me with a three way call." *Id.* The DHO reasoned that if Offender Gabrielson had made the call himself, he would not have made this statement. (Dkt. 10-16.) While the transcript of the telephone call does not include this direct statement, it does show that the caller stated that he did not have his tablet and could not use it to make a call and hoped he would get his tablet back the next day. (Dkt. 10-12.) The Report of Conduct and telephone transcripts support that the caller discussed donations including dollar amounts. *Id.*; Dkt. 10-16. In Investigator Hall's experience, he was certain that this conversation was coded language for money used to procure controlled substances, he identified the caller as Mr. Patton, and because Mr. Patton cannot receive donations or send them to anyone else, he charged him with committing an unauthorized financial transaction.

The Report of Conduct and telephone transcript provide some evidence sufficient to support that Offender Gabrielson did not use his own tablet to initiate the call at issue and that Mr. Patton made the call, supporting Mr. Patton's finding of guilt. Accordingly, Mr. Patton is not entitled to relief on this ground.

## IV. <u>CONCLUSION</u>

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Patton to the relief he seeks. Accordingly, Mr. Patton's Petition for a writ of habeas corpus is **DENIED** and the **action dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 2/12/2021

*[Signature: Tanya Walton Pratt]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Derek Patton, #223346
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana  46064

Frances Hale Barrow
INDIANA ATTORNEY GENERAL'S OFFICE
frances.barrow@atg.in.gov